833 F.2d 503
 Michael A. JONES
v.
Supervisor, Sergeant CONNELL, Supervisor, Lt. Pincheck, Sco.
Colello, Sco. Kiesling, William H. Fauver, Commissioner,
John J. Rafferty, Supt., J. Butler, Asst. Supt., L. Sherrer,
Classification Comm. Member, Mr. Knief, Classification
Committee Member, Lt. August, Classification Committee
Member, Mr. Dickerson, Classification Committee Member, Appellants.
 No. 87-5150.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant to Third Circuit
 Rule 12(6) Sept. 29, 1987.
Decided Nov. 24, 1987.
 
 W. Cary Edwards, Atty. Gen. of N.J., James J. Ciancia, Asst. Atty. Gen., and Modestino Carbone, Deputy Atty. Gen., Trenton, N.J., for appellants.
 Michael A. Jones, pro se.
 Before SEITZ, GREENBERG and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 GREENBERG, Circuit Judge.
 
 
 1
 Plaintiff, Michael A. Jones, a prisoner at Rahway State Prison in New Jersey, brought a civil rights action under 42 U.S.C. Sec. 1983 on December 7, 1984 against certain correction officers charging that they were attempting to provoke him into committing an act that would result in plaintiff being charged with a disciplinary violation. Subsequently, there were several changes in plaintiff's prison classification status until on March 6, 1985 he was classified to gang minimum, inside only. In response to this new classification on March 19, 1985 plaintiff filed an amended complaint against the Commissioner of Corrections, the Superintendent and Assistant Superintendent at Rahway and members of the classification committee charging that they caused plaintiff to be reclassified from full minimum to gang minimum, inside only, in retaliation for his original complaint.
 
 
 2
 Thereafter, plaintiff sought a preliminary injunction against being harassed and, in addition, asked for reinstatement to the full minimum status. On July 22, 1985, the district judge in a memorandum opinion and order directed that a hearing be held by a magistrate to determine whether plaintiff had in fact been subject to retaliation and, if so, what relief should be ordered. After holding the hearing, the magistrate on November 21, 1985 filed a report and recommendation in which he found that there had been no retaliation against plaintiff. Rather, there had been an error in the calculation of his parole eligibility date so that when it was correctly calculated under a "new" set of classification criteria, adopted in response to a prisoner's escape, he was ineligible for the full minimum status. The magistrate, however, was "troubled" by the fact that the new guidelines had not been reduced to writing. Thus, he recommended that the judge require the Department of Corrections to reduce them to writing and when that was done re-evaluate plaintiff's custody status pursuant to the written standard.
 
 
 3
 The matter was then considered by the judge who issued a memorandum opinion and order on August 21, 1986 adopting the magistrate's report and recommendation. The judge said there was "simply no evidence in the record to create an issue of fact as to the correctness of the Magistrate's" finding that there had been no retaliation. He then pointed out that when the new guidelines were promulgated, plaintiff would have an opportunity for his status to be evaluated again.
 
 
 4
 Even before the court acted, defendants had revised their standards. The Department of Corrections on July 31, 1986 revised Standard 853 to provide for three custody levels, maximum custody, gang minimum or in-and-out and full minimum. On August 8, 1986, Rahway revised its policies to provide a classification of gang minimum inside only. Plaintiff was classified as gang minimum inside only on October 17, 1986.
 
 
 5
 On October 16, 1986, plaintiff wrote a letter to the judge complaining that he had not been reclassified. The judge treated the letter as a motion and decided the matter by an opinion dated February 3, 1987. He determined that plaintiff had been improperly classified gang minimum inside only, as that status was reserved for prisoners who could never be eligible for full minimum and plaintiff was not in that category. He rejected defendants' contention that the standards permitted plaintiff to be given that status. He found, however, that Rahway's policies were ambiguous and might justify plaintiff's being assigned to gang minimum in-and-out rather than full minimum. Ultimately, the judge ordered "that defendant[s] re-evaluate plaintiff's custody status under the applicable DOC [Department of Corrections] and institutional regulations, as construed by the court." On February 3, 1987, the court in conformity with its opinion entered the following order from which defendants appeal:
 
 
 6
 ORDERED that defendants' October 29, 1986 classification of plaintiff to custody level 'gang minimum, inside only' is invalid as contrary to the court's order, and it is further
 
 
 7
 ORDERED that defendants re-evaluate plaintiff's custody status pursuant to the written standards and policies of the New Jersey Department of Corrections and the Rahway State Prison, as interpreted in the accompanying opinion of this court, no later than March 9, 1987, and it is further
 
 
 8
 ORDERED that final judgment is entered in this matter as set forth above, and the court retains jurisdiction to enforce the orders heretofore entered only and not resolve any subsequent disputes which may arise.
 
 
 9
 We are satisfied that the court erred in entering the order of February 3, 1987. We will assume that the court could have appropriately entered an order negating a classification of plaintiff in retaliation for his action in bringing the original complaint. Further, we will assume that the order compelling defendants to reduce the new standards to writing and then re-evaluate plaintiff under them was also appropriate as it is not challenged on this appeal. But what the district judge could not do was to order defendants to conform their conduct to state law. It is clear, however, that he did exactly that for once he determined that plaintiff had not been subject to retaliation, the judge was simply construing state standards.
 
 
 10
 In Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), the Supreme Court ruled that the district court was barred by the Eleventh Amendment from ordering the state officials to conform their conduct to state law. As the court explained:
 
 
 11
 A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. [465 U.S. at 106, 104 S.Ct. at 911]
 
 
 12
 The order of February 3, 1987 obviously impacted on the State for the judge by interpreting the standards and policies established the bases for classification of prisoners. This intrusion into state affairs where no federal rights were implicated was unjustifiable.
 
 
 13
 We have not overlooked the fact that in his brief plaintiff asserts that defendants have denied him due process of law and equal protection on the law. This charge, however, is simply his way of characterizing what he considers to be his erroneous classification. While plaintiff suggests that he has no right of appeal or any other form of redress, presumably meaning within the state system, this is simply untrue. See Jenkins v. Fauver, 108 N.J. 239, 528 A.2d 563 (1987); White v. Fauver, 219 N.J. Super. 170, 530 A.2d 37 (App.Div.1987). Thus, plaintiff's remedy for his allegedly erroneous classification, which could be nothing more than an administrative mistake under state law, is an appeal to the state courts if administrative relief is unavailable.
 
 
 14
 In view of the foregoing, the order of February 3, 1987 will be reversed and the matter will be remanded to the district court for further proceedings not inconsistent with this opinion.